UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ISSAC SIMMONS                                      CIVIL ACTION

VERSUS                                             NO. 06-8718

SHANE FLETCHER                                     SECTION: "R"(1)

ORDER AND REASONS

Plaintiff, Issac Simmons, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. In this lawsuit, plaintiff claims that Shane Fletcher, the defendant herein, used excessive force in arresting plaintiff. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Defendant has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff has opposed that motion.[3] In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 19.

[3] Rec. Doc. 22.

portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff was arrested by defendant in June 2006 and charged with one count of possession with the intent to distribute cocaine and three counts of battery of an officer. On January 23, 2007, he pled guilty to all four charges. In the instant lawsuit, he claims that excessive force was used to effect his arrest.

In his motion for summary judgment, defendant argues, *inter alia*, that plaintiff's excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).[4] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

---

[4] Although plaintiff has opposed the motion, Rec. Doc. 22, he does not address the Heck issue in his opposition.

>U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  Claims barred by Heck are legally frivolous.  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

In Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996), the United States Fifth Circuit Court of Appeals held that Heck barred a plaintiff's excessive force claim against the arresting officers because the plaintiff had been convicted of battery on the officers based on the same incident.  The Court of Appeals held:

>[Plaintiff] was arrested and convicted of battery of an officer.  In Louisiana, self-defense is a justification defense to the crime of battery of an officer. See LSA-R.S. 14:19; Louisiana v. Blancaneaux, 535 So.2d 1341 (La.App.1988) (discussing justification defense to battery of officer conviction).  To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself.  Blancaneaux, 535 So.2d at 1342.  Because self-defense is a justification defense to the crime of battery of an officer, [plaintiff's] claim that [the arresting officers] used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer.  This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction.  We conclude therefore that to the extent that [plaintiff] seeks to recover ... for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

Hudson, 98 F.3d at 873 (footnote omitted).

As in <u>Hudson</u>, the plaintiff in the instant case was charged with committing a battery on defendant, the arresting officer, during the course of the arrest.[5] Plaintiff pled guilty to that charge,[6] and his resulting conviction has not been invalidated in either the state or federal courts. Accordingly, pursuant to <u>Hudson</u>, it is clear that plaintiff's excessive force claim is barred by <u>Heck</u> until such time as he obtains a favorable disposition on his conviction for battery on defendant.[7]

Accordingly, defendant's motion for summary judgment is **GRANTED**, and it is **ORDERED** that plaintiff's excessive force claim is **DISMISSED WITH PREJUDICE** to its being asserted again until the <u>Heck</u> conditions are met.

New Orleans, Louisiana, this tenth day of July, 2007.

    _____
    **SALLY SHUSHAN**
    **UNITED STATES MAGISTRATE JUDGE**

---

[5] Rec. Doc. 23.

[6] Rec. Doc. 19, Exhibit 4.

[7] Because the Court agrees with defendant's contention that he is entitled to judgment based on <u>Heck</u>, the Court need not reach the alternative grounds urged in the motion.